

FILED IN OPEN COURT
U.S.D.C. - Atlanta

APR 1 4 2026

KEVIN P. WEIMER, Clerk
By· ᴜᴛᴛ
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Information |
| *v.* | No. 1:26-CR-151 |
| BRADY LUM | |

THE UNITED STATES ATTORNEY CHARGES THAT:

### Introduction

1. Established in 1965 as a tribute to the 130 Atlanta arts patrons who perished at Orly Airfield in France, the Woodruff Arts Center is a non-profit visual and performing arts institution in Atlanta, Georgia, with a mission to inspire, create, support, and celebrate renowned arts and education. The Woodruff Arts Center is home to multiple distinguished arts partners, one of which is the High Museum of Art ("High Museum"). The High Museum is an iconic cornerstone of Atlanta's cultural identity, featuring a collection of more than 20,000 works of art, a dynamic schedule of special exhibitions, and engaging community-focused programs.

2. The defendant, BRADY LUM, served as the High Museum's Chief Operating Officer from January 2, 2019, until his resignation on December 9, 2025, during which time he was responsible for planning, implementing, managing, and controlling the High Museum's operational and financial activities.

3. From on or about January 2, 2019, to on or about December 9, 2025, during his time as Chief Operating Officer, LUM repeatedly purchased non-business items for himself, including luxury guitars and other music equipment, personal music lessons, and woodworking equipment, through direct supplier invoicing and through the corporate credit card reimbursement process. LUM concealed the nature of his transactions in several ways, including by submitting altered invoices, using his position as Chief Operating Officer to exercise delegated expense approval authority, and using accounting adjustments to spread his expenses across different cost centers so that they would not be readily identified.

4. In one instance, on or about November 29, 2024, LUM submitted an altered invoice for a $9,147.87 purchase for reimbursement through the High Museum's online expense processing platform. While the submitted invoice showed a purchase of a speaker array, subwoofer pair, and two utility cases for equipment, the original version of the invoice was for a guitar and accessories.

## Count One
### (Theft Concerning Programs Receiving Federal Funds)

5. The United States Attorney realleges and incorporates by reference the factual allegations in paragraphs 1 through 4 of this Information as if fully set forth here.

6. On or about November 29, 2024, in the Northern District of Georgia and elsewhere, the defendant, BRADY LUM, being an agent of the Woodruff Arts Center's High Museum of Art, an organization that received benefits in a one-

2

year period beginning on January 30, 2024, in excess of $10,000 under a Federal program involving a grant and other forms of federal assistance, did embezzle, steal, obtain by fraud, without authority knowingly convert to the use of persons other than the rightful owner, and intentionally misapply property valued at more than $5,000 owned by and under the care, custody, and control of the Woodruff Arts Center's High Museum of Art, in violation of Title 18, United States Code, Section 666(a)(1)(A).

### Forfeiture

Upon conviction of the offense alleged in this Information, the defendant, BRADY LUM, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting, or derived from, proceeds traceable to the offense, including, but not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in this Information.

If, as a result of any act or omission of the defendant, any property subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

3

the United States of America intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.


THEODORE S. HERTZBERG
*United States Attorney*

*Nicholas N. Joy*
NICHOLAS N. JOY
*Assistant United States Attorney*
Georgia Bar No. 969557

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181